UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JUAN QUERUBIN, and
VINCENT MIRIZIO, individually
and on behalf of all others
similarly situated,

Plaintiffs,

vs.

HEALTHPORT INCORPORATED, and
HEALTHPORT TECHNOLOGIES, LLC.,
Both d/b/a HEALTHPORT,

Defendant.

_____/

**09-21321**

CASE NUMBER: **CIV-UNGARO**

MAGISTRATE JUDGE
SIMONTON

CLASS ACTION



FILED by _**AJS**_ D.C.
INTAKE

MAY 1 5 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## CLASS ACTION COMPLAINT

Plaintiffs Mr. Juan Querubin ("Mr. Querubin") and Vincent Mirizio ("Mr. Mirizio"), individually and on behalf of all other persons similarly situated, bring this action against HealthPort Inc., and Healthport Technologies, LLC., (collectively "HealthPort") as a class action.

## I. BACKGROUND FACTS

1.      This case is brought on behalf of a class of all consumers in Florida who requested medical records from Defendant HealthPort, and HealthPort charged those consumers unlawful, unfair, and oppressive additional charges to retrieve the documents.

2.      Defendant HealthPort is in the business of providing document retrieval services to consumers who request their documents.

3.      In June 2007, HealthPort was formed through the merger of two leading health information companies—SDS (Smart Document Solutions) and Companion

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 Phone 305.372.1800 Fax 305.372.3508

Technologies. In September 2008, HealthPort merged with its biggest competitor in Release-Of-Information called ChartOne. The company is now the largest provider of ROI services in the nation. HealthPort now serves over 10,000 hospitals and 27,000 physicians and has over $260 million in revenue.

       4.      HealthPort provides these services by selling a medical document retrieval software called HealthPort Electronic Medical Record ("EMR") to hospitals and medical practices. When a consumer requests documents from their health care provider, the consumer can send a request for the documents directly to HealthPort. In many cases an attorney authorized, and on behalf of the consumer, requests the copies directly from HealthPort.

       5.      HealthPort remits an invoice for the documents to the consumer, and/or attorney, that requested the medical records.

       6.      Fla. Stat. § 395.3025 specifically provides:

> … The exclusive charge for copies of patient records may include sales tax and actual postage, and, except for nonpaper records that are subject to a charge not to exceed $2, may not exceed $1 per page. A fee of up to $1 may be charged for each year of records requested. These charges shall apply to all records furnished, whether directly from the facility or from a copy service providing these services on behalf of the facility. …

       7.      Florida law is different from most other states, which allow additional charges such as "retrieval fees" and "basic fees." For example, HealthPort maintains on its websites copies of statutes from other states such as Illinois, which permit such additional charges such as "retrieval fees" for copies of medical records.

       8.      Defendant HealthPort has systematically violated Florida law by charging customers in Florida additional unlawful charges for copies of medical records such as: (1) a "Basic Fee" of $4.00, (2) a "Retrieval Fee" of $1.00, and (3) a "QuickView

Delivery Fee" of $2.00. These additional charges violate Florida law. Upon information and belief, HealthPort has charged, and has collected, millions of dollars of these charges from Florida class members during the class period.

9.     ChartOne, the company that HealthPort merged with in 2008, was already sued in a class action for violating the similar District of Columbia deceptive trade law by charging additional fees for copies of medical records such as a $25 dollar "Clerical Fee."

## II.  PLAINTIFF MR. QUERUBIN

10.     On September 21, 2008, Plaintiff Querubin was injured in an automobile accident. In order to receive treatment for his injuries, Mr. Querubin required fire rescue transport from the scene of the injury to Palm Beach Gardens Medical Center.

11.     Mr. Querubin retained the services of the law firm of Glinn, Somera, & Silva ("GSS") to represent him in prosecuting his personal injury claim. Mr. Querubin, through his attorneys, submitted authorized requests to HealthPort requesting that HealthPort retrieve and deliver medical records relating to his injury, including but not limited to, records relating to Mr. Querubin's fire rescue transport.

12.     On December 4, 2008, Mr. Querubin submitted an authorized request to HealthPort for copies of Mr. Querubin's entire file for "all medical treatment rendered."

13.     On December 11, 2008, HealthPort retrieved a one page statement from Palm Beach County Fire rescue for Querubin's transportation to Palm Beach Gardens Medical Center and delivered it to GSS.

14.     On December 30, 2008, HealthPort delivered an invoice to GSS, charging Mr. Querubin $8.00 for copying the one page. Exhibit 1.

15.    For the one page document, HealthPort charged Mr. Querubin a: (1) $4.00 Basic Fee, (2) a $1.00 Retrieval Fee, (3) a $1.00 Per Page Copy fee, and (4) a $2.00 QuickView Delivery Fee.  In total, HealthPort charged Mr. Querubin $8.00 to copy one page of medical records - $7.00 more than the amount allowed by the Florida law.

16.    Mr. Querubin reimbursed GGS all of the costs forwarded by GGS for his case, including all of the copy costs for the medical records from HealthPort after his case was settled and resolved.

### III.  PLAINTIFF MR. MIRIZIO

17.    On August 29, 2008, Plaintiff Mr. Mirizio was involved in an automobile accident that required immediate transportation to North Broward Medical Center.

18.    Mr. Mirizio retained the law firm of Glinn, Somera, & Silva ("GSS") to represent him in his personal injury lawsuit.

19.    On November 26, 2008, GSS, on behalf of Mr. Mirizio, requested full and complete copies of his entire medical history file from HealthPort.

20.    On December 20, 2008, HealthPort delivered an invoice to GSS, charging Mr. Mirizio $8.00 for copying only one page of medical records.  Exhibit 2.

21.    For the one page document, HealthPort charged Mr. Mirizio: (1) a $4.00 Basic Fee, (2) a $1.00 Retrieval Fee, (3) a $1.00 Per Page Copy fee, and (4) a $2.00 QuickView Delivery Fee.  In total, HealthPort charged Mr. Mirizio $8.00 to copy one page of medical records - $7.00 more than the amount allowed by Florida law.

22.    Mr. Mirizio reimbursed GGS all costs forwarded by GGS for his case, including all of the copy costs for the medical records from HealthPort after his case was settled and resolved.

## IV. **PARTIES, JURISDICTION AND VENUE**

23.     Plaintiffs Mr. Querubin and Mr. Mirizio are residents of the State of Florida.

24.     Defendant HealthPort Incorporated is a corporation organized under the laws of South Carolina with its principal place of business in South Carolina. Defendant HealtPort Technologies, LLC is a limited liability company organized under the laws of the state of Georgia, with its principal business in Georgia. Both companies operate together under the name "HealthPort." HealthPort does business throughout the State of Florida, including specifically in Miami-Dade County, Florida.

25.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity citizenship), 28 U.S.C. § 1332(d) (Class Action Fairness Act), and 28 U.S.C. § 1367 (supplemental jurisdiction). Jurisdiction is also appropriate in this Court in that Plaintiffs are citizens of the State of Florida, Defendant is a citizen of South Carolina, there are 100 or more class members and the aggregate amount in controversy exceeds $5,000,000.

26.     This Court has jurisdiction over HealthPort because they do business in the State of Florida and intentionally avail themselves of the Florida consumer market.

27.     Venue is proper in this forum because at all times relevant hereto, a substantial portion of the practices complained of herein occurred in the Southern District of Florida and/or because HealthPort has received substantial compensation as a result of doing business in the Southern District of Florida. Moreover, HealthPort, at all times material to the allegations contained herein, personally and/or through an agent operated,

conducted, engaged in and carried on a business venture in the Southern District of Florida and/or engaged in substantial activity within this state and district.

## V. CLASS ACTION ALLEGATIONS

28.     Plaintiffs bring this action against Defendant pursuant to Rule 23(a) and b(3) of the Federal Rules of Civil Procedure, and Local Rule 23.1 on behalf of themselves and all other persons similarly situated.  Plaintiff seeks to represent the class.

### a.     Numerosity

29.     The individual Class members are so numerous that joinder of all members is impracticable.  The Class, upon information and belief, consists of thousands of customers in Florida.  The billing information for each class member, including the number of pages requested and how much they specifically were charged and paid, is maintained by the Defendant.  The precise number of Class members can only be obtained through discovery but the numbers are clearly more than 1000 and thus cannot be consolidated in one complaint and impractical for each to bring suit individually.

### b.     Commonality

30.     There are questions of law and fact common to the claims of Plaintiff and members of the Classes.  These common questions predominate over any questions that go to any individual member of the Class. Among such common questions of law and fact are the following:

> a. Whether Defendant charged additional fees for copies of medical records that violate Florida law;

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 Phone 305.372.1800 Fax 305.372.3508

6

b. Whether due to Defendant's acts, as alleged herein, Defendant was unjustly enriched or received payments and/or monies that under principles of equity they cannot retain;

c. The proper measure of damages the Class has sustained as a result of the Defendant's wrongful conduct.

### c. Typicality

31.    Plaintiff Mr. Querubin and Plaintiff Mr. Mirizio are members of the class. They have been charged, and paid, excessive fees from HealthPort for copies of medical records. Plaintiffs' claims are typical of the claims of the class because of the similarity, uniformity, and common purpose of the unlawful conduct of the Defendant.

### d. Adequacy of Representation

32.    Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel, experienced in litigation of this nature, to represent them. There is no hostility between Plaintiffs and the unnamed class members.

33.    To prosecute this case, Plaintiffs have chosen the law firms of Kozyak, Tropin, & Throckmorton P.A., Glinn, Somera, & Silva and Searcy, Denney Scarola Barnhart & Shipley, P.A. Collectively these firms are very experienced in class action litigation. These law firms have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

### e.     Requirements of Fed. R. Civ. P. 23(b)(3)

34.     The questions of law or fact common to the claims of Plaintiffs and of each Class member predominate over any questions of law or fact affecting only individual members of the class.  All claims by Plaintiffs and unnamed Class members are based upon the same unlawful charges for medical records by the Defendant.

35.     Common issues predominate when, as here, liability can be determined on a class-wide basis, even when there may be some individualized damage determinations.

36.     As a result, when determining whether common questions predominate, courts focus on the liability issue and if the liability issue is common to the class, as in the case at bar, common questions will be held to predominate over individual questions.

### f.     Superiority

37.     A class action is superior to thousands of individual actions in part because of the non-exhaustive factors listed below:

> a. Joinder of all Class members would create extreme hardship and inconvenience for the affected customers as they reside all across the state.
>
> b. Individual claims by the class members are impractical because the costs to pursue individual claims far exceed the value of what any one Class member has at stake.  As a result, individual Class members have no interest in prosecuting and controlling separate actions.
>
> c. There are no known individual Class members who are interested in individually controlling the prosecution of separate actions.
>
> d. The interests of justice will be well served by resolving the common disputes of potential Class members in one forum.

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 Phone 305.372.1800 Fax 305.372.3508

8

e. Individual suits would not be cost effective.

f. The action is manageable as a class action; individual lawsuits are not economically maintainable as individual actions.

## COUNT I

## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

38. Plaintiffs reallege and incorporate Paragraphs 1 through 37 of this Complaint as if fully set forth herein and further allege as follows:

39. Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq. ("FDUTPA"), prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204.

40. The stated purpose of FDUTPA is to protect persons from, "those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202.

41. Upon information and belief, the policies, acts, and practices alleged herein were intended to result and did result in the payment of millions of dollars. Specifically:

a. Defendant engaged in unfair and deceptive practices by over charging customers for copies contrary to Florida law; and

b. Defendant engaged in deceptive practices by charging individuals illegal fees contrary to Florida law.

42. Plaintiffs and the Class members are persons that have sustained damages as a direct and proximate result of Defendant's unfair and unconscionable practices. Fla.

Stat. § 501.211(2) provides Plaintiffs and Class members a private right of action against the Defendant, and entitles the Class to recover their actual damages and injunctive relief, including an order that Defendant immediately cease and desist this unconscionable practice.

43.     Plaintiffs and the Class members have suffered and will continue to suffer irreparable harm if the Defendant continues to engage in such deceptive and unfair practices.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated individuals, demands judgment against HealthPort for compensatory damages, pre and post judgment interest, attorney's fees, injunctive relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## COUNT II

## UNJUST ENRICHMENT

44.     Plaintiffs reallege and incorporate Paragraphs 1 through 37 of this Complaint as if fully set forth herein and further allege as follows.

45.     HealthPort has received, and continues to receive, a benefit at the expense of Plaintiffs and the Class, and have knowledge thereof.

46.     Defendant has deceptively charged, attempted to collect, and continue to collect amounts from consumers in Florida for copies of medical records in violation of Florida law. Accordingly, HealthPort has received benefits that they have unjustly retained at the expense of the members of the Class.

47.     The circumstances are such that it would be inequitable for HealthPort to retain the benefit without paying the value thereof to Plaintiffs and members of the Class.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other similarly situated individuals, demand judgment against HealthPort for compensatory damages, pre and post judgment interest, attorney's fees, declaratory relief, costs incurred in bringing this action, and any other relief the Court deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on any and all counts for which trial by jury is permitted by law.

Respectfully submitted this 15th day of May, 2009.

Adam M. Moskowitz, Esq.
Florida Bar No. 984280
amm@kttlaw.com
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
T: (305) 372-1800 / F: (305) 372-3508

GLINN SOMERA & SILVA
Paul M. Silva, Esq.
Fla. Bar No. 319820
Peter J. Somera, Esq.
Fla. Bar No. 54267
Somera Silva Building
212 N. Federal Highway
Deerfield Beach, Florida 33441
T: (954) 426-5553 / F: (954) 426-6646

SEARCY DENNEY SCAROLA BARNHART & SHIPLEY, PA
John Scarola, Esq.
Fla. Bar No. 169440
2139 Palm Beach Lakes Blvd. 33409-6601
West Palm Beach, Florida
T: (561) 686-6300 / F: (561) 684-5816

300573

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 Phone 305.372.1800 Fax 305.372.3508
11

# EXHIBIT 1

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

**HealthPort.**
**INVOICE**

Invoice #: **0052264927**
Date:       **12/30/2008**
Customer #: **1296200**

| Ship to: | Bill to: | Records from: |
|---|---|---|
| PAUL M SILVA MD | PAUL M SILVA MD | ADVANCED DATA PROCESSING INC |
| GLINN SOMERA AND SILVA | GLINN SOMERA AND SILVA | 520 NW 165TH STREET SUITE 201 |
| 212 N FEDERAL HWY | 212 N FEDERAL HWY | MIAMI, FL 33169 |
| SOMERA SILVA BUILDING | SOMERA SILVA BUILDING | |
| DEERFIELD BEACH, FL 33441- | DEERFIELD BEACH, FL 33441- | |

Requested By: GLINN SOMERA AND SILVA       DOB:       100275
Patient Name: QUERUBIN, JUAN

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Basic Fee | | | 4.00 |
| Retrieval Fee | | | 1.00 |
| Per Page Copy (Paper) 1 | 1 | 1.00 | 1.00 |
| QuickView Delivery Fee | | | 2.00 |
| Subtotal | | | 8.00 |
| Sales Tax | | | 0.00 |
| Invoice Total | | | 8.00 |
| Less Payment | | | 8.00 |
| Balance Due | | | 0.00 |

**Pay your invoice online at www.HealthPortPay.com**

Terms: Net 30 days

-------------------------------------------------------✂----------------------------------------------------------

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

Invoice #: **0052264927**

Check # _____

Payment Amount $_____

# Please return stub with payment.
Please include invoice number on check.
To pay invoice online, please go to www.HealthPortPay.com or call (770) 754 6000.

Dec. 4. 2008 11:47AM                                          No. 0181   P. 1

TRIAL LAWYERS

FRANKLYN B. GLINN
PETER J. SOMERA, JR.
PAUL M. SILVA, M.D., J.D.

JUSTIN B. BENNETT, J.D., LL.M.
MICHAEL F. AMEZAGA

CHIEF INVESTIGATOR:
JOSEPH A. SARAKINIS

# GLINN
# SOMERA &
# SILVA
_____SINCE 1969_____

SOMERA SILVA BUILDING
212. N. FEDERAL HIGHWAY
DEERFIELD BEACH, FL 33441

TEL        954.426.5553
FAX        954.426.6646
MIAMI OFFICE   305.854.5100

## PLEASE FAX BACK AS SOON AS POSSIBLE WITH AN ITEMIZED STATEMENT. THANKS

December 4, 2008

**VIA FACSIMILE FAX# (305) 521-0773**
Palm Beach County Fire Rescue
50 South Military Trail, Suite 101
West Palm Beach, FL 33415

RE :   Your Patient/Our Client:       Juan Querubin
       D.O.B.:                        10/02/1975
       Date of Accident:              September 21, 2008
       Dates of Service:              From 09/21/2008 through present
       Account No.:                   876908-01

Dear Sir or Madam:

Please allow this letter to serve as our request for your **COMPLETE ITEMIZED BILL** for the above-captioned patient. Please send the bill via return fax to **954-426-6646.** I have attached appropriate authorization for your file. **Also please complete the section below where indicated.**

Very truly yours,

Marina Sarakinis, Legal Assistant to
Paul M. Silva, M.D., J.D.

Account No.:_____

Total Bill: _____ Is client still treating?_____ Date of last visit_____.

Payments made _____ by_____
Payments made_____ by_____
Payments made_____ by_____

Total Balance_____ Name of Facility:

Authorized Signature _____ Dated:_____

Printed Name_____

NOTICE TO RECIPIENT: The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual(s) or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

P B 876908-01

Dec. 4. 2008 11:48AM                                              No. 0181  P. 2

**TRIAL LAWYERS**

FRANKLYN B. GLINN
PETER J. SOMERA, JR.
PAUL M. SILVA, M.D., J.D.
JUSTIN B. BENNETT, J.D., LL.M.

CHIEF INVESTIGATORS
JOSEPH A. SARAKINIS
MICHAEL J. SICHENZIA

# GLINN
# SOMERA &
# SILVA
_____ SINCE 1969 _____

SOMERA SILVA BUILDING
212 N. FEDERAL HIGHWAY
DEERFIELD BEACH, FL 33441

TEL        954.426.5553
FAX        954.426.5646
MIAMI OFFICE  305.854.5100

## PATIENT AUTHORIZATION FOR THE RELEASE OF
## PROTECTED HEALTH INFORMATION (PHI)

I, _Jaun Querubin_____, hereby authorize
_Palm Beach Gardens HLC ES_ (its agents, employees and associates, to
release the protected health information that is described below, to GLINN SOMERA & SILVA,
SOMERA SILVA BUILDING, 212 N. FEDERAL HIGHWAY, DEERFILED BEACH, FL 33441.

The protected health information released herein is specifically as follows: full and complete copies of my
entire file, including but not limited to all records, medical reports, radiology reports and films, lab
reports, reports of consulting physicians, telephone messages, and any other information which may be
requested by the law firm of GLINN SOMERA & SILVA with respect to all medical treatment rendered.
Said law firm has been retained to represent me in connection with a claim, and to take all necessary steps to
secure the collection thereof. This protected health information is to be used as part of their representation.

This release may be revoked by a signed and properly dated written revocation, delivered to the healthcare
provider, provided that this release cannot be revoked as to protected health information that had been
previously released in reliance on this document.

I understand that a refusal to sign this form will not result in a denial of health care by the hospital, doctor, or
any other healthcare provider, and that this release has not been coerced by a health care entity or any of its
business associates.

I understand that once the PHI is disclosed, it may be re-disclosed to individuals or organizations that are not
subject to the federal privacy regulations such as expert witnesses, litigants, insurance companies and even may
become public record if filed with a court of law.

This authorization will expire _12/4/09_____

Dated this _4th_ day of _December_____, 200_8_.

_____X_____
Patient or Personal Representative
(If PR, authority is:_____)

Patient's Date of Birth: _10/02/1976_

Patient's Social Security No. _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_

Page 45 of 51

# STATEMENT

876908-01
PALM BEACH COUNTY FIRE RESCUE A0663
% FIRST UNION BANK                A0663
PO BOX 862036
ORLANDO, FL 32886      32886

| | |
|---|---|
| DATE | 12/11/08 |
| ACCOUNT NUMBER | 876908-01 |

OUR TOLL FREE PHONE NUMBER IS     1-866-622-5104
PLEASE DIAL NUMBER AS SHOWN

AMOUNT PAID $ _____

MAKE CHECKS PAYABLE IN U.S. DOLLARS TO:

JUAN QUERBIN
1205 CRYSTAL WY
DELRAY BEACH, FL 33444

PALM BEACH COUNTY FIRE RESCUE
% FIRST UNION BANK
PO BOX 862036
ORLANDO, FL 32886      32886

PATIENT NAME:    JUAN QUERBIN
PHONE NUMBER:

TRANSPORTED TO:  PALM BCH GARDENS MEDICAL

| DATE | DESCRIPTION OF SERVICE | CHARGES | PAYMENTS |
|---|---|---|---|
| 9/21/08 | FIRE RESCUE TRANSPORT | 470.00 | |
| | MILEAGE CHARGE      1.0 @ $  8.50 | 8.50 | |
| | | | |
| | PAY THIS AMOUNT | 478.50 | |

## * * * IMPORTANCE NOTICE * * *
IN ORDER FOR YOUR INSURANCE TO BE BILLED PLEASE PROVIDE THE REQUIRED INFORMATION
REQUESTED ON THE REVERSE SIDE OF THE FORM AND SIGN THE TOP PORTION.

IF THERE IS ANY PROBLEM REGARDING THE PAYMENT OF THIS BILL, CONTACT OUR
OFFICE AT ( 1-866-622-5104      ) WITHIN 5 DAYS TO MAKE ARRANGEMENTS.
ZZ PLEASE SHOW ACCOUNT NUMBER ON ALL CHECKS.

TOLL FREE
PHONE NUMBER

| ACCOUNT NUMBER | 876908-01 |
|---|---|

# EXHIBIT 2

**HealthPort**
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

**HealthPort.**
**INVOICE**

Invoice #: 0052085523
Date:      12/20/2008
Customer #: 1296200

| Ship to: | Bill to: | Records from: |
|---|---|---|
| D R VILLAVICENCIO<br>GLINN SOMERA AND SILVA<br>212 N FEDERAL HWY<br>SOMERA SILVA BUILDING<br>DEERFIELD BEACH, FL 33441- | D R VILLAVICENCIO<br>GLINN SOMERA AND SILVA<br>212 N FEDERAL HWY<br>SOMERA SILVA BUILDING<br>DEERFIELD BEACH, FL 33441- | ADVANCED DATA PROCESSING INC<br>520 NW 165TH STREET SUITE 201<br>MIAMI, FL 33169 |

Requested By: GLINN SOMERA AND SILVA
Patient Name: MIRIZIO VINCENT

SSN:      *****0255
DOB:      033050

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Basic Fee | | | 4.00 |
| Retrieval Fee | | | 1.00 |
| Per Page Copy (Paper) 1 | 1 | 1.00 | 1.00 |
| QuickView Delivery Fee | | | 2.00 |
| Subtotal | | | 8.00 |
| Sales Tax | | | 0.00 |
| Invoice Total | | | 8.00 |
| Less Payment | | | 8.00 |
| Balance Due | | | 0.00 |

Pay your invoice online at www.HealthPortPay.com

Terms: Net 30 days

✂

**HealthPort**
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

| Invoice #: 0052085523 |
|---|
| Check # _____ |
| Payment Amount $_____ |

**Please return stub with payment.**
Please include invoice number on check.
To pay invoice online, please go to www.HealthPortPay.com or call (770) 754 6000.

11/27/2008  20:37   9544266646                    GLINN SOMERA SILVA                    PAGE  01/02

TRIAL LAWYERS

## GLINN SOMERA & SILVA

SINCE 1969

FRANKLYN B. GLINN
PETER J. SOMERA, JR.
PAUL M. SILVA, M.D., J.D.
JUSTIN B. BENNETT, J.D., LL.M.

CHIEF INVESTIGATOR:
JOSEPH A. SARAKINIS

SOMERA SILVA BUILDING
212 N. Federal Highway
DEERFIELD BEACH, FL 33441
TELEPHONE (954) 426-5553
FACSIMILE (954) 426-6646

MIAMI OFFICE TELEPHONE
(305) 854-5120

12/4/08

# *URGENT REQUEST*

**November 26, 2008**     ✳ 2nd Request

**VIA FACSIMILE FAX# 305-521-0773**
Records Custodian
Pompano Beach Fire Rescue
120 SW 3rd Street
Pompano Beach, Fl 33060
Attn: Smart Doc

RE:    Your Patient/Our Client:    Vincent Mirizio
       D.O.B.:                     03/30/1950
       S.S. No.:                   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
       Date of Service:            08/29/2008

Dear Sir or Madam:

       Pursuant to your instructions, this letter will serve as our request for your complete itemized
bill for the above-captioned patient. Please send the bill via return fax to 954-426-6646. I have
attached Vincent Mirizio's authorization for your file.

       Your immediate attention to this matter is greatly appreciated.

                              Very truly yours,

                              D. Villavicencio

                              DANIELLE R. VILLAVICENCIO
                              Legal Assistant to Peter J. Somera, Jr.

Attachment

NOTICE TO RECIPIENT: The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of
the individual(s) or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the
intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received
this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service.
Thank you.

CP 815980-01

11/27/2008   20:37   9544266646          GLINN SOMERA SILVA          PAGE   02/02

**TRIAL LAWYERS**

FRANKLYN B. GLINN
PETER J. SOMERA, JR.
PAUL M. SILVA, M.D., J.D.
JUSTIN R. BENNETT, J.D., LL.M.

**CHIEF INVESTIGATORS**
JOSEPH A. SARAIKINIS
MICHAEL J. SICHENZIA

# GLINN
# SOMERA &
# SILVA

_____SINCE 1969_____

SOMERA SILVA BUILDING
212 N. FEDERAL HIGHWAY
DEERFIELD BEACJ, FL 33441

TEL      954.426.5563
FAX      954.426.6646
MIAMI OFFICE  305.884.5100

## PATIENT AUTHORIZATION FOR THE RELEASE OF
## PROTECTED HEALTH INFORMATION (PHI)

I, _Vincent Mirizio_____, hereby authorize
_OPA-Pompano Beach Fire Rescue_____, its agents, employees and associates, to
release the protected health information that is described below, to GLINN SOMERA & SILVA,
SOMERA SILVA BUILDING, 212 N. FEDERAL HIGHWAY, DEERFILED BEACH, FL 33441.

The protected health information released herein is specifically as follows:  full and complete copies of my
entire file, including but not limited to all records, medical reports, radiology reports and films, lab
reports, reports of consulting physicians, telephone messages, and any other information which may be
requested by the law firm of GLINN SOMERA & SILVA with respect to all medical treatment rendered.
Said law firm has been retained to represent me in connection with a claim, and to take all necessary steps to
secure the collection thereof.  This protected health information is to be used as part of their representation.

This release may be revoked by a signed and properly dated written revocation, delivered to the healthcare
provider, provided that this release cannot be revoked as to protected health information that had been
previously released in reliance on this document.

I understand that a refusal to sign this form will not result in a denial of health care by the hospital, doctor, or
any other healthcare provider, and that this release has not been coerced by a health care entity or any of its
business associates.

I understand that once the PHI is disclosed, it may be re-disclosed to individuals or organizations that are not
subject to the federal privacy regulations such as expert witnesses, litigants, insurance companies and even may
become public record if filed with a court of law.

This authorization will expire _November 26 2009_

Dated this _26_ day of _November_, 200_8_

_____
Patient or Personal Representative
(If PR, authority is:_____)

Patient's Date of Birth: _03 / 30 / 1950_

Patient's Social Security No. _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_

Page 45 of 51

# STATEMENT

815980-01

DATE | 12/04/08

CITY OF POMPANO BEACH-EMS
PO BOX 551094
TAMPA, FL 33655        33655

A0657

ACCOUNT
NUMBER | 815980-01

OUR TOLL FREE PHONE NUMBER IS
PLEASE DIAL NUMBER AS SHOWN

1-866-622-5107

AMOUNT PAID $ _____

MAKE CHECKS PAYABLE IN U.S. DOLLARS TO:

VTNCENT MIRIZIO
705 N SANTA CATALINA
CIRCLE
N LAUDERDALE, FL 33068

CITY OF POMPANO BEACH-EMS
PO BOX 551094
TAMPA, FL 33655        33655

PATIENT NAME:  VTNCENT MIRIZIO
PHONE NUMBER:

TRANSPORTED TO: N BROWARD MED CENTER

| DATE | DESCRIPTION OF SERVICE | CHARGES | PAYMENTS |
|---|---|---|---|
| 8/29/08 | FIRE RESCUE TRANSPORT | 750.00 | |
| | MILEAGE CHARGE     5.0 @ $ 10.00 | 50.00 | |
| | | | |
| | | | |
| | PAY THIS AMOUNT | 800.00 | |

* * * IMPORTANCE NOTICE * * *
IN ORDER FOR YOUR INSURANCE TO BE BILLED PLEASE PROVIDE THE REQUIRED INFORMATION
REQUESTED ON THE REVERSE SIDE OF THE FORM AND SIGN THE TOP PORTION.

IF THERE IS ANY PROBLEM REGARDING THE PAYMENT OF THIS BILL, CONTACT OUR     TOLL FREE
OFFICE AT ( 1-866-622-5107     ) WITHIN 5 DAYS TO MAKE ARRANGEMENTS PHONE NUMBER
PLEASE SHOW ACCOUNT NUMBER ON ALL CHECKS.

ACCOUNT
NUMBER | 815980-01

JS 44   (Rev. 2 08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Juan Querubin, and Vincent Mirizio, individually and on behalf of all others similarly situated | HealthPort Incorporated, and Healthport Technologies, LLC, d/b/a HealthPort |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Richland**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kozak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Miami FL 33134
(305) 372-1800    09-cv—21321—Ungaro/Simonton

Attorneys (If Known)

FILED by ___ AJS ___ D.C.
INTAKE

MAY 15 2009

STEVEN M. LARIMORE
CLERK U S DIST CT
S.D. OF FLA. MIAMI

(d) Check County Where Action Arose: ✓ MIAMI- DADE  ⊐ MONROE  ⊐ BROWARD  ⊐ PALM BEACH  ⊐ MARTIN  ⊐ ST LUCIE  ⊐ INDIAN RIVER  ⊐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

⊐ 1   U.S. Government Plaintiff

⊐ 3   Federal Question
(U.S. Government Not a Party)

✓ 2   U.S. Government Defendant

✓ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | ⊐ 1 | Incorporated or Principal Place of Business In This State | ⊐ 4 | ⊐ 4 |
| Citizen of Another State | ⊐ 2 | ⊐ 2 | Incorporated and Principal Place of Business In Another State | ⊐ 5 | ✓ 5 |
| Citizen or Subject of a Foreign Country | ⊐ 3 | ⊐ 3 | Foreign Nation | ⊐ 6 | ⊐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ⊐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ⊐ 610 Agriculture | ⊐ 422 Appeal 28 USC 158 | ⊐ 400 State Reapportionment |
| ⊐ 120 Marine | ⊐ 310 Airplane | ⊐ 362 Personal Injury - Med. Malpractice | ⊐ 620 Other Food & Drug | ⊐ 423 Withdrawal 28 USC 157 | ⊐ 410 Antitrust |
| ⊐ 130 Miller Act | ⊐ 315 Airplane Product Liability | ⊐ 365 Personal Injury - Product Liability | ⊐ 625 Drug Related Seizure of Property 21 USC 881 | | ⊐ 430 Banks and Banking |
| ⊐ 140 Negotiable Instrument | ⊐ 320 Assault, Libel & Slander | ⊐ 368 Asbestos Personal Injury Product Liability | ⊐ 630 Liquor Laws | **PROPERTY RIGHTS** | ⊐ 450 Commerce |
| ⊐ 150 Recovery of Overpayment & Enforcement of Judgment | ⊐ 330 Federal Employers' Liability | | ⊐ 640 R.R. & Truck | ⊐ 820 Copyrights | ⊐ 460 Deportation |
| ⊐ 151 Medicare Act | ⊐ 340 Marine | **PERSONAL PROPERTY** | ⊐ 650 Airline Regs. | ⊐ 830 Patent | ⊐ 470 Racketeer Influenced and Corrupt Organizations |
| ⊐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ⊐ 345 Marine Product Liability | ⊐ 370 Other Fraud | ⊐ 660 Occupational Safety/Health | ⊐ 840 Trademark | ⊐ 480 Consumer Credit |
| ⊐ 153 Recovery of Overpayment of Veteran's Benefits | ⊐ 350 Motor Vehicle | ⊐ 371 Truth in Lending | ⊐ 690 Other | | ⊐ 490 Cable/Sat TV |
| ⊐ 160 Stockholders' Suits | ⊐ 355 Motor Vehicle Product Liability | ⊠ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ⊐ 810 Selective Service |
| ⊐ 190 Other Contract | ⊐ 360 Other Personal Injury | ⊐ 385 Property Damage Product Liability | ⊐ 710 Fair Labor Standards Act | ⊐ 861 HIA (1395ff) | ⊐ 850 Securities/Commodities Exchange |
| ⊐ 195 Contract Product Liability | | | ⊐ 720 Labor/Mgmt. Relations | ⊐ 862 Black Lung (923) | ⊐ 875 Customer Challenge 12 USC 3410 |
| ⊐ 196 Franchise | | | ⊐ 730 Labor/Mgmt.Reporting & Disclosure Act | ⊐ 863 DIWC/DIWW (405(g)) | ⊐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ⊐ 740 Railway Labor Act | ⊐ 864 SSID Title XVI | ⊐ 891 Agricultural Acts |
| ⊐ 210 Land Condemnation | ⊐ 441 Voting | ⊐ 510 Motions to Vacate Sentence | ⊐ 790 Other Labor Litigation | ⊐ 865 RSI (405(g)) | ⊐ 892 Economic Stabilization Act |
| ⊐ 220 Foreclosure | ⊐ 442 Employment | **Habeas Corpus:** | ⊐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ⊐ 893 Environmental Matters |
| ⊐ 230 Rent Lease & Ejectment | ⊐ 443 Housing Accommodations | ⊐ 530 General | | ⊐ 870 Taxes (U.S. Plaintiff or Defendant) | ⊐ 894 Energy Allocation Act |
| ⊐ 240 Torts to Land | ⊐ 444 Welfare | ⊐ 535 Death Penalty | **IMMIGRATION** | ⊐ 871 IRS—Third Party 26 USC 7609 | ⊐ 895 Freedom of Information Act |
| ⊐ 245 Tort Product Liability | ⊐ 445 Amer. w/Disabilities - Employment | ⊐ 540 Mandamus & Other | ⊐ 462 Naturalization Application | | ⊐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ⊐ 290 All Other Real Property | ⊐ 446 Amer. w/Disabilities - Other | ⊐ 550 Civil Rights | ⊐ 463 Habeas Corpus-Alien Detainee | | |
| | ⊐ 440 Other Civil Rights | ⊐ 555 Prison Condition | ⊐ 465 Other Immigration Actions | | ⊐ 950 Constitutionality of State Statutes |

## V. ORIGIN   (Place an "X" in One Box Only)

✓ 1 Original Proceeding    ⊐ 2 Removed from State Court    ⊐ 3 Re-filed- (see VI below)    ⊐ 4 Reinstated or Reopened    ⊐ 5 Transferred from another district (specify)    ⊐ 6 Multidistrict Litigation    ⊐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S)**   (See instructions second page):
a) Re-filed Case ⊐ YES ✓ NO    b) Related Cases ⊐ YES ✓ NO
JUDGE _____    DOCKET NUMBER _____

**VII. CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(a)

LENGTH OF TRIAL via **7** days estimated (for both sides to try entire case)

| VIII. REQUESTED IN COMPLAINT: | ✓ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: |
|---|---|---|---|
| | | | JURY DEMAND: ✓ Yes  ⊐ No |

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   May 15, 2009

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 1DO1015   IFP