**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO. 1:09-cv-21321-UU

JUAN QUERUBIN and VINCENT
MIRIZIO, individually and on
behalf of all others similarly
situated,

               Plaintiffs,

v.

HEALTHPORT INCORPORATED and
HEALTHPORT TECHNOLOGIES, LLC,
Both d/b/a HEALTHPORT,

               Defendants.

_____

**DEFENDANTS' MOTION TO DISMISS AND
MEMORANDUM OF LAW IN SUPPORT**
_____

      Defendants, HealthPort, LLC (incorrectly named as "HealthPort, Inc.") and HealthPort Technologies, LLC, by and through their undersigned attorneys, move this Honorable Court for an order pursuant to Rule 12(b)(6), Fed. R. Civ. P., on the ground that Plaintiffs have failed to state a claim upon which relief can be granted, all as more particularly set forth in the accompanying Memorandum of Law.

**INTRODUCTION**

      1.     Plaintiffs allege that Defendants have "violated Florida law," namely Fla. Stat. § 395.3025, which regulates the fees that may be charged for providing copies of certain patient medical records. According to Plaintiffs, the Defendants imposed "unlawful charges" for Plaintiffs' copies. However, the documents obtained by the Plaintiffs and attached to the Complaint are not subject to regulation by Fla. Stat. § 395.3025. Plaintiffs were charged for

copies of bills from emergency medical service providers. Florida law does not regulate what can be charged for such records.

2. Moreover, even if Florida law did regulate what could be charged for patient records produced by emergency medical service providers, the copies of the billing statements for which Plaintiffs were charged are not "patient records" under Florida law and are therefore not subject to any copying charge limits.

3. The Florida Legislature has expressly directed that Fla. Stat. § 395.3025 "shall not be construed to create or be the basis of a civil action." Plaintiffs' action is based on the statute. Because the Legislature did not intend to create a private right of action for alleged violations of Fla. Stat. § 395.3025, this case should be dismissed.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendant HealthPort Technologies, LLC ("HealthPort") provides document retrieval services for physicians, hospitals and other entities. The two Plaintiffs in this case allege that they were "overcharged" under Florida law for obtaining copies of ambulance bills incurred after automobile accidents. Based on this, Plaintiffs make sweeping claims that "Defendant HealthPort has systematically violated Florida law" by imposing "unlawful charges" for "medical records." Plaintiffs ask the Court to certify a class consisting of "all consumers in Florida who requested medical records from Defendant" who were charged more than what Plaintiffs assert was allowed by law.

For the reasons set forth below, the Plaintiffs' claims should be dismissed. First and foremost, Florida law does not regulate the amount that may be charged for copies of billing records from emergency medical service providers. By its own terms, Fla. Stat § 395.3025, the law invoked by the Plaintiffs, does not apply to the Plaintiffs' records attached to the Complaint.

Those materials were requested from and furnished by two emergency medical service providers. An emergency medical service provider is not a "licensed facility," as that term is specifically defined by the Florida Legislature and the statute relied on by the Plaintiffs applies only to "licensed facilities." As a matter of law, Plaintiffs were not "overcharged" for their records, because there is no restriction on what may be charged for copies of records from entities that are not licensed facilities.

Moreover, even if Florida law actually regulated what could be charged for patient records produced by emergency medical service providers, the copies of the billing statements for which Plaintiffs were charged are not "patient records" as defined by Florida law and are therefore not subject to any copying charge limits.

Finally, the Complaint amounts to an effort to pursue a private right of action under Fla. Stat § 395.3025, when the Florida Legislature has expressly disallowed such claims. Plaintiffs' claims are based directly on alleged violations of § 395.3025, despite the fact that the Legislature has directed that the statute "shall not be construed to create or be the basis of a civil action."

### PERTINENT FACTUAL ALLEGATIONS

Plaintiffs make the following allegations in the Complaint:

HealthPort provides document retrieval services to hospitals and physicians. Complaint ¶ 3. In addition, HealthPort provides document retrieval services to emergency medical service providers.[1] Complaint, ¶ 13, Exs. 1 and 2.

Plaintiff Juan Querubin was injured in an automobile accident on September 21, 2008 and was transported by ambulance to Palm Beach Gardens Medical Center. Complaint ¶ 10. On December 4, 2008, a lawyer representing Querubin sent a letter to Palm Beach County Fire

---

[1] Plaintiffs' description of HealthPort's business and the way medical record requests are processed is incorrect. However, these errors are not material to the present Motion to Dismiss.

Rescue. Complaint, Ex. 1. The letter stated in pertinent part as follows: "Please allow this letter to serve as our request for your **COMPLETE ITEMIZED BILL** for the above-captioned patient….I have attached appropriate authorization for your file." *Id*. (emphasis in original)  A standard HIPAA release form signed by Querubin was attached to the request. A copy of Palm Beach County Fire Rescue's bill (in the amount of $478.50) was duly furnished to Querubin's attorney, along with an invoice from HealthPort for $8.00. *Id*.

On August 29, 2008, Plaintiff Vincent Mirizio was involved in an automobile accident that required transportation to North Broward Medical Center. Complaint, ¶ 17. On November 26, 2008, a lawyer representing Mirizio sent a letter to Pompano Beach Fire Rescue. Complaint, Ex. 2. This letter stated in pertinent part as follows: "[T]his letter will serve as our request for your complete itemized bill for the above-captioned patient.  Please send the bill via return fax….I have attached Vincent Mirizio's authorization for your file." A standard HIPAA release form was attached.  A copy of Mirizio's ambulance bill (in the amount of $800) was subsequently furnished, along with HealthPort's invoice in the amount of $8.00. *Id*.[2]

Plaintiffs claim that the amounts HealthPort charged for copies of their ambulance bills violated Fla. Stat. § 395.3025. Plaintiffs assert claims for: (1) alleged violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* (the "Consumer Protection Act") and (2) unjust enrichment. Plaintiffs further seek certification as representatives of a class of similarly-situated consumers in Florida.

---

[2] Plaintiffs suggest that the requests at issue were submitted directly to HealthPort and further that the requests were for copies of Plaintiff's "entire file for 'all medical treatment rendered.'" Complaint P. 12, 19 (quoting language from HIPAA authorization attached to bill requests)  Both of these allegations are contradicted by the documents that Plaintiffs attach to their Complaint, which plainly show that the requests were submitted directly to the ambulance services and requested **only** copies of the ambulance bills. In any event, it is undisputed that the ambulance bills were the only documents produced in response to Plaintiffs' requests and the only documents for which copying charges were billed. Complaint, ¶¶ 11, 20, Exs. 1 and 2.

# ARGUMENT

## I.  A Case That Does Not Set Forth a Viable Cause of Action Should be Dismissed Under Fed. R. Civ. P. 12(b)(6).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief…."  A complaint must contain "more than labels and conclusions," and instead must set forth factual allegations sufficient "to raise a right to relief above a speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1956 (2007).  The factual allegations in a complaint must "plausibly suggest" a violation of the law.  *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008).

A complaint that fails to set forth a viable cause of action should be dismissed pursuant to Rule 12(b)(6).  *See Solomon v. Blue Cross and BlueShield Assoc.*, 574 F.Supp. 1288 (S.D. Fla. 2008); *Davis v. HSBC* Bank, 2009 WL 0472 (S.D. Fla. May 20, 2009).  A court may grant a motion to dismiss when "on the basis of a dispositive issue of law, no construction of the factual allegations will support a cause of action."  *Marshall Cty Bd. of Educ. v. Marshall Cty. Gas Dist.*, 922 F.2d 1171, 1174 (11th Cir. 1993).

Seeking certification as representatives of an alleged class will not save Plaintiffs' claims from being dismissed on the merits if the Complaint fails to state a cause of action.  "It [is] within the court's discretion to consider the merits of the claims before their amenability to class certification….With no meritorious claims, certification of those claims as a class action is moot."  *Telfair v. First Union Corp.*, 216 F.3d 1333, 1343 (11th Cir. 2000).  *See also Rink v. Cheminova*, 400 F.3d 1286, 1297 (11th Cir. 2005); *In re Alcantara*, 389 B.R. 270, 274 (Bkrptcy. M.D. Fla. 2008).

## II.     Fla. Stat. § 395.3025 Does Not Apply to Emergency Service Providers.

Plaintiffs' claims must be dismissed for a very simple reason: the statute upon which the claims are based does not apply to the facts as alleged.

Plaintiffs' allegations of "overcharging" rely on Fla. Stat. § 395.3025. That statute provides in pertinent part as follows:

> **Any licensed facility shall**, upon written request, and only after discharge of the patient, **furnish**, in a timely manner, without delays for legal review, to any person admitted therein for care and treatment or treated thereat, or to any such person's guardian, curator, or personal representative, or in the absence of one of those persons, to the next of kin of a decedent or the parent of a minor, or to anyone designated by such person in writing, **a true and correct copy of all patient records**, including X rays, and insurance information concerning such person, which records are in the possession of the licensed facility, provided the person requesting such records agrees to pay a charge. **The exclusive charge for copies of patient records** may include sales tax and actual postage, and, except for nonpaper records that are subject to a charge not to exceed $2, may not exceed $1 per page. A fee of up to $1 may be charged for each year of records requested. These charges shall apply to all records furnished, whether directly from the facility or from a copy service providing these services on behalf of the facility…..

(emphasis added). By its plain terms, Fla. Stat. § 395.3025 only applies to "licensed facilities" providing "patient records." "Licensed facilities" is a defined term within Chapter 395 of the Florida Statutes; a "licensed facility" is "a **hospital, ambulatory surgical center, or mobile surgical facility** licensed in accordance with this chapter." Fla. Stat. § 395.002(16) (emphasis added). [3]

The Plaintiffs in the present case requested and received copies of their "itemized bills" from two emergency medical service providers, Palm Beach County Fire Rescue and Pompano Beach Fire Rescue. Complaint, Exs. 1 and 2. An emergency medical service provider is not a

---

[3]  Among other requirements, a "hospital" is a facility providing care to patients for more than 24 hours. Fla Stat. § 395.002(12). An "ambulatory surgical center" or "mobile surgical facility" is defined in pertinent part as "a facility the primary purpose of which is to provide elective surgical care…." Fla Stat. § 395.002(3). An emergency medical service provider does not fall within either definition.

"hospital, ambulatory surgical center, or mobile surgical facility…." and therefore is not a "licensed facility" within the terms of the record retrieval statute. In fact, providers of emergency medical services are regulated by a completely different statute, the Raymond H. Alexander, M.D. Emergency Medical Transportation Services Act, Fla. Stat. §§ 401.2101 *et seq.* This statute directs what type of patient records must be maintained by emergency providers, Fla. Stat. § 401.30, but does **not** dictate what may be charged for retrieval of those records or for any billing information related to the patient records.

As a matter of law, therefore, the fees charged to the Plaintiffs were not "excessive" or "unlawful," because the statute cited by the Plaintiffs does not apply to the records for which the Plaintiffs were charged. Accordingly, this case should be dismissed for failure to state a claim upon which relief may be granted.

**III.    The "Itemized Bills" Requested by and Furnished to the Plaintiffs are not "Patient Records" Within the Meaning of Fla. Stat**. **§ 395.3025.**

As set forth above, Fla Stat. § 395.3025 applies only to "licensed facilities" and not to the providers of emergency medical services. Should the Court conclude otherwise, however, the Plaintiffs' claims still fail. Plaintiffs did not request copies of patient records (which, if furnished by a "licensed facility" would be subject to maximum charges). Rather, the letter sent by counsel for both Plaintiffs to the two emergency medical service providers requested a "complete itemized **bill**" Exs. 1 and 2 (emphasis added). This is an important distinction.

Fla Stat. § 395.3025 governs what a "licensed facility" may charge for "**patient records**, including X rays, and insurance information concerning such person, which records are in the possession of the licensed facility…." Chapter 395 further specifically defines the meaning of "patient records":

> <u>Patient records; form and content</u>.--Each hospital operated by the agency or by the Department of Corrections shall require the use of a system of **problem-oriented medical records for its patients, which system shall include the following elements: basic client data collection; a listing of the patient's problems; the initial plan with diagnostic and therapeutic orders as appropriate for each problem identified; and progress notes, including a discharge summary**.  The agency shall, by rule, establish criteria for such problem-oriented medical record systems in order to ensure comparability among facilities and to facilitate the compilation of statewide statistics.

Fla. Stat. § 395.3015 (emphasis added).  This statutory definition does not include bills of the sort requested and received by the present Plaintiffs.  *See* Exs. 1 and 2.  The bills attached to the Complaint do not contain information such as "a listing of the patient's problems" or other substantive information about the medical care and treatment of the Plaintiffs.  Rather, Plaintiffs' ambulance bills are simply invoices for transport from accident scenes to medical facilities.

Therefore, even if Fla. Stat. § 395.3025 somehow applies to entities that are not "licensed facilities," even with respect to those entities the law only applies to requests for "patient records" and not itemized bills such as those attached to the Complaint.  Accordingly, the Complaint should be dismissed.

## IV.    The Florida Legislature Expressly Precluded a Private Right of Action Under Fla. Stat. § 395.3025

In connection with amendments to the Hospital Licensing and Regulation statutes in 2004, the Florida Legislature adopted the following amendment note to Fla. Stat. § 395.3025:  "Nothing in this act shall be construed to **create or be the basis of** a civil action." (emphasis added) Yet it cannot reasonably be disputed that Plaintiffs' claims are directly based upon Fla. Stat. § 395.3025.  Absent the statute, there simply is no basis for a claim that Plaintiffs were "unlawfully overcharged."

Under Florida law, the intent of the Legislature is the key to determining whether a regulatory statute establishes a private right of action. *Villazon v. Prudential Health Care Plan*, 843 So.2d 842, 852 (Fla. 2003); *Murthy v. N. Sinha Corp.*, 644 So.2d 983, 985 (Fla. 1994). As the Florida Supreme Court stated in *Murthy,* "legislative intent, rather than the duty to benefit a class of individuals, should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one." *Id.* In all cases, the intent of the Legislature is paramount in assessing whether a private right of action may be maintained under a Florida statute. Here, the Legislature has **expressly** provided that Fla. Stat. § 395.3025 was not intended to create a private right of action **or** to serve as the **basis** of a private action.

Plaintiffs seek to avoid this clear expression of legislative intent by styling their complaint as being brought under the Consumer Protection Act and as a common law claim of unjust enrichment. This amounts to nothing more than an end run around the unequivocal directive of the Florida Legislature. Unquestionably, Fla. Stat. § 395.3025 is "the basis of" the present case. Because the Florida Legislature has precluded a private right of action under that statute, Plaintiffs' claims must fail.

WHEREFORE, Defendants respectfully request that this Court enter an order dismissing Plaintiffs' Complaint in its entirety, and order such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ LAWRENCE J. ROBERTS*
Lawrence J. Roberts, Esq,
Florida Bar No.: 343218
Email: lroberts@lrobertsandassociates.com
**Lawrence J. Roberts & Associates, P.A.**
Attorneys for Defendants
249 Catalonia Avenue
Coral Gables, Florida 33134
Phone: (305) 441-7882
Fax: (305) 441-7883


Kenneth M. Bryant
Tenn. Bar No. 12582
Email: kbryant@millermartin.com
G. Brian Jackson
Tenn. Bar No. 15497
Email: bjackson@millermartin.com
**MILLER & MARTIN PLLC**
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219
Phone (615) 744-8508
Fax (615) 744-8608

(*Pro Hac Vice* Application Pending)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 22nd, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> */s/ LAWRENCE J. ROBERTS*
> Lawrence J. Roberts, Esq,
> Florida Bar No.: 343218
> Email: lroberts@lrobertsandassociates.com
> **Lawrence J. Roberts & Associates, P.A.**
> Attorneys for Defendants
> 249 Catalonia Avenue
> Coral Gables, Florida 33134
> Phone: (305) 441-7882
> Fax: (305) 441-7883

## SERVICE LIST

**Juan Querubin and Vincent Mirizio v. HealthPort Incorporated and HealthPort Technologies, LLC both d/b/a HealthPort**

**CASE NO. 1:09-cv-21321-UU**
**United States District Court, Southern District of Florida**

**Notice will be electronically mailed to:**

Adam M. Moskowitz, Esquire
Email: amm@kttlaw.com
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Tel.: (305) 372-1800
Fax: (305) 372-3508

*Counsel for Plaintiffs*

Paul M. Silva, Esquire
Email: paul@servingthepeople.com
Peter J. Somera, Esquire
GLINN SOMERA & SILVA
212 N. Federal Highway
Deerfield Beach, Florida 33441
Tel.: (954) 426-5553
Fax: (954) 426-6646

*Counsel for Plaintiffs*

John Scarola, Esquire
Email: mep@searcylaw.com
SEARCY DENNEY SCAROLA BARNHART & SHIPLEY, P.A.
2139 Palm Beach Lakes Blvd.
West Palm Beach Florida 33409-6601
Tel.: (561) 686-6300
Fax: (561) 684-5816

*Counsel for Plaintiffs*