UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.09-21321-CIV-UNGARO

JUAN QUERUBIN et al.,
    Plaintiffs,

v.

HEALTHPORT INCORPORATED et al.,
    Defendants.
                             /

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Amended Complaint, filed on July 14, 2009. (D.E. 21.) Plaintiffs filed their Response in opposition on July 21, 2009. (D.E. 24.) Defendants filed their Reply in further support of their Motion on July 28, 2009. (D.E. 26.) Accordingly, this Motion is now ripe for adjudication.

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. In their Motion, Defendants argue that Plaintiffs' Amended Complaint should be dismissed because the statute upon which Plaintiffs base this action, Fla. Stat. § 395.3025, cannot be the basis for a civil action. (Defs.' Mot. 14-15.) The Court agrees. In 2004, the Florida legislature adopted the following amendment note to Fla. Stat. § 395.3025: "Nothing in this act shall be construed to create or be the basis of a civil action." Under the plain language of this amendment note, the Florida legislature made clear that no plaintiff could bring a civil action based upon a violation of section 395.3025.

In Count I, Plaintiffs allege that Defendants have violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. Ann. §§ 501.201, *et seq.*, by "over charging [*sic*] consumers for copies of patient medical records contrary to Florida law" and by "charging individuals illegal fees contrary to Florida law." (Am. Compl. ¶ 55.) Likewise, in Count II, Plaintiffs contend that Defendants "have deceptively charged, attempted to collect, and continue to collect amounts from consumers in Florida for copies of medical records in violation of Florida law." (Am. Compl. ¶ 60.) Although Plaintiffs have not specified the Florida law(s) that they believe Defendants have violated in Counts I and II, such Counts incorporate the general

allegations in paragraphs 1-37 of the Amended Complaint (*see* Am. Compl. ¶¶ 52, 58)–wherein Plaintiffs make clear that they are basing their claims upon purported violations of section 395.3025.  (*See* Am. Compl. ¶¶ 66-8, 16, 23, 29, 35.)  Thus, because section 395.3025 cannot be the basis for a civil action, the Court finds that the Amended Complaint–which is based upon purported violations of section 395.3025–should be dismissed.[1]

Plaintiffs' argument that their case should not be dismissed because they are suing under FDUTPA instead of section 395.3025 is a non-starter.[2]  Even though Plaintiffs have not brought Counts I and II pursuant to section 395.3025, such claims are still based upon purported violations of such statute.  (*See* Am. Compl. ¶¶ 66-8, 16, 23, 29, 35, 55, 60.)  Given that the amendment note to section 395.3025 states not only that the statute does not create a private right of action but also that the statute cannot be the basis for a civil action, the Court sees no reason to differentiate between an action brought pursuant to section 395.3025 and an action brought pursuant to a separate statute for violations of section 395.3025: both have been rendered impermissible by the Florida legislature.  In addition, although Plaintiffs are correct that an unfair or deceptive practice need not violate a specific rule or regulation to constitute a FDUTPA violation (Pls.' Resp. 18), the Amended Complaint makes clear that Plaintiffs are proceeding under the theory that Defendants' fee charging practices are unfair and deceptive precisely because they allegedly violate Florida law.  (Am. Compl. ¶ 55.)  If Plaintiffs wish to base their claims on the idea that Defendants' fee practice is unfair and deceptive irrespective of section 395.3025 (*see* Pls.' Resp. 18-19), Plaintiffs may move for leave to file a Second Amended Complaint.

It is hereby

---

[1]  Because the Court is dismissing the Amended Complaint on this basis, it need not reach Defendants' alternative arguments for dismissal.

[2]  The case upon which Plaintiffs rely, *Rosen v. J.M. Auto Inc.*, No. 07-61234, slip op. at 8 (S.D. Fla. Mar. 6, 2008), is easily distinguishable, as it dealt with issues of preemption and did not involve a clear amendment note issued by the Florida legislature.

ORDERED AND ADJUDGED that the Motion (D.E. 21) is GRANTED and this action is DISMISSED.  Plaintiffs MAY, if they so desire, file a Second Amended Complaint on or before August 7, 2009.

DONE AND ORDERED in Chambers, Miami, Florida, this 28th day of July, 2009.

*/s/ Ursula Ungaro*
_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record